## VARGA v. KAROCKAI.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2046. Decide June 4, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**1100. SPECIFIC PERFORMANCE—297. Contracts—1204. Undue Influence.**

Where testimony indicates that undue advantage was taken, and that parties were not on equal footing, specific performance will not be enforced.

Appeal from Common Pleas.

Decree for defendants.

J. Morrison Diven, Toledo, for Varga.

Stahl & Price, Toledo, for Karockai.

**FULL TEXT.**
RICHARDS, J.

This action is brought to secure the specific performance of a contract made by the defendant to convey to the plaintiff a house and two lots in the City of Toledo. The testimony is very conflicting as to the circumstances under which the contract was made, and the value of the property. The testimony on value offered by the defendant indicates that undue advantage was taken of her in the contract, and it appears that she did not understand the terms and conditions of the contract. The parties were not on an equal footing, the plaintiff being shrewd, keen and masterful and the defendant weak and easily influenced. As was said in Hughes v. Roth, 18 C. C., 804, the remedy of specific performance is not an absolute right, but is discretionary with the court and ought never to be enforced when to do so would be inequitable.

The plaintiff did not have the remainder of the purchase price with which to make payment and we do not think the defendant was required to execute a deed until such payment had been made, and was not required to go to a bank or elsewhere and deliver the deed until the payment was made.

A decree will be rendered for the defendant, but requiring her to refund the cash payment received by her, amounting to $500.00, together with interest thereon.

(Williams and Lloyd, JJ., concur.)